UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD HACKEL, | Case No. 22-12618 |
| Plaintiff, | |
| v. | Matthew F. Leitman |
| | United States District Judge |
| UPGRADE INC., | |
| Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

## ORDER ON OUTSTANDING MATTERS

This matter is presently before the Court regarding Defendant's motions for subpoenas, the Court's Order for both parties to Show Cause, and Defendant's motion to extend. (ECF Nos. 19, 20, 21, 22, 23). This matter has been referred to the undersigned for all pretrial matters. (ECF No. 8).

Defendant has filed three motions to issue subpoenas. (ECF Nos. 19, 20, 22). These motions are directed against Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC. (*Id.*). Each of these entities conveyed they would not produce the requested documents without a court order. (*Id.*). The motions for subpoenas are **DENIED**. (ECF Nos. 19, 20, 22). The Court does not issue third-party subpoenas to attorneys. The proper form for the relief requested is a motion to compel, if necessary, after service of subpoenas. The Court notes that motions to compel must be promptly filed, per this Court's Case Management Order. (ECF No. 11, PageID.45) ("All motions to compel

1

disputed discovery or for protective orders must be filed promptly (within 14 days) of notice of the dispute or they will not be considered, absent an extraordinary showing of good cause.").

Turning now to the Court's Order to Show Cause, both parties failed to attend the status conference set by the Court for June 14, 2023, at 2 pm. On June 14, 2023, the Court ordered both parties to show cause in writing why the Court should not impose sanctions. (ECF No. 23). In this Order, the Court warned "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause could result in sanctions.**" (*Id.* at PageID.122) (emphasis original). Plaintiff has not responded to the Order to Show Cause to date.

The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988); *Henthorn v. Hahn*, 19 F.3d 18 (6th Cir. 1994) ("The court did not abuse its discretion here because Henthorn had ample opportunity to demonstrate the impropriety of sanctions by responding to the district court's show cause order."). Proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties appearing in federal court and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading

standards for *pro se* litigants do not apply to "readily comprehended court deadlines"). The authority of this Court includes the power to punish for "'disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).

An appropriate sanction for Plaintiff's failure to respond to the Order to Show Cause is granting the Defendant's motion to extend. (ECF No. 21). The Order to Show Cause is **VACATED**. (ECF No. 23).

On June 8, 2023, Defendant moved to extend the deadlines in this case. (ECF No. 21).[1] Defendant says that it prepared subpoenas for Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC, but that "due to a clerical error, the subpoenas were not served." (*Id.* at PageID.117). Defendant explains that this error and the difficulty of exchanging information with a *pro se* Plaintiff warrants an extension of the case deadlines. As

---

[1] Defendant filed a previous motion to extend on May 4, 2023. (ECF No. 16). The Court struck this filing because it did not comply with Eastern District of Michigan Local Rule 7.1(a). The Court notes this motion to extend contains a certificate of conferral, but that the undersigned is uncertain if the certificate accurately reflects efforts to confer because the same certificate appears verbatim in several pending motions in this matter. (ECF Nos. 19, 20, 21, 22). The certificate of conferral states, without alteration: "[i]n accordance with LR 7.1(a), [there was a conference between Defendant and Plaintiff on Motion to Issue in which Defendant explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought] OR [despite reasonable and timely efforts on May 9th, 10th and June 5, the movant was unable to conduct a conference]." (*Id.*). This appears to be a form response that counsel did not complete or update. Counsel is cautioned that compliance with Local Rule 7.1(a) is not merely perfunctory and efforts to seek concurrence must be clearly stated.

discussed earlier in this Order, Plaintiff failed to respond to the Court's Order to Show Cause as to why sanctions should not be imposed for failing to attend to status conference set for June 14, 2023. (ECF No. 23). As a sanction for failing respond to the Order to Show Cause, the Court shall **GRANT** the Defendant's motion to extend. (ECF No. 21). The undersigned also notes that the motion to extend is unopposed and the relief requested appears reasonable. (*Id.*).

The new deadlines will be:

Witness lists: August 1, 2023.

Discovery deadline: September 1, 2023.

Dispositive motions: October 1, 2023.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 7, 2023                          s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2023, by electronic means and/or ordinary mail.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850